IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02478-BNB

KYLE DOUGLAS BANG,

    Applicant,

v.

GEORGE DUNBAR, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 08 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Kyle Douglas Bang, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Buena Vista Correctional Facility. Mr. Bang initiated this action by submitting to the Court a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Bang is challenging the validity of his conviction and sentence in Case No. 05CR1285, in the Mesa County District Court.

In an order filed on December 2, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those defenses. After receiving an extension of time, Respondents submitted a Pre-Answer Response on December 28, 2009. Mr. Bang has not filed a Reply.

The Court must construe liberally the Amended Application filed by Mr. Bang because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Amended Application drawn in part and dismissed in part.

Mr. Bang was charged with numerous felony counts, including second degree burglary, felony theft, first and second degree aggravated motor vehicle theft, and first degree criminal trespass. Pre-Answer Resp. at p. 1. After a jury trial, Mr. Bang was convicted of twenty-two counts. *Id.* at Ex C, p 3. On October 2, 2006, the trial court sentenced Mr. Bang to forty-three years in prison. *Id.*

Mr. Bang filed a direct appeal to the Colorado Court of Appeals (CCA) on April 24, 2007. *Id.* at Ex. A, p. 21. The CCA affirmed the judgment and sentence on July 31, 2008. *See People v. Bang*, No. 06CA1943 (Colo. App. July 31, 2008) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on November 24 9, 2008, *id.* at Ex. E., and the mandate issued on December 22, 2009. *Id.* at Ex. F.

Mr. Bang then submitted to this Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which was received for filing by the Court on October 22, 2009. On October 23, 2009, Magistrate Judge Boland found that the claims Mr. Bang raised in the Application must be asserted pursuant to 28 U.S.C. § 2254 because they

challenged the validity, and not the execution, of his conviction and sentence. Magistrate Judge Boland ordered Mr. Bang to file an amended pleading and assert his claims pursuant to 28 U.S.C. § 2254. Mr. Bang filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 24, 2009.

In the Amended Application, Mr. Bang asserts four claims: (1) the trial court abused its discretion when it denied Mr. Bang's motion to sever the trial; (2) the trial court erred in denying Mr. Bang's motion for a mistrial; (3) prosecutorial misconduct deprived Mr. Bang of a fair trial; and (4) the sentence imposed was disproportionate to the crime.

Respondents concede, and the Court agrees, that the Amended Application is timely under 28 U.S.C. § 2244(d). However, Respondents assert that Mr. Bang failed to exhaust state court remedies for Claims One, Two and Four. Pre-Answer Resp. at 5-9.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

3

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue, and the Court agrees, that Mr. Bang's first, second and fourth claims are unexhausted because the claims were not raised as federal constitutional claims in his appeal to the CCA. Pre-Answer Resp. at 6. They further argue that these claims are procedurally defaulted. *Id.* at 8-9. Respondents contend that these claims cannot be raised in a postconviction motion, because they would be rejected as an abuse of process pursuant to the rule set forth in *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (finding that "an argument raised [on postconviction

appeal] which does not precisely duplicate an issue raised on appeal will be precluded if its review would be nothing more than a second appeal addressing the same issues raised on direct appeal on some recently contrived constitutional theory."). Because Mr. Bang's first, second and fourth claims would be barred from review in state court on an independent and adequate state procedural ground, the claims technically are exhausted because Mr. Bang no longer has an adequate and effective state remedy available to him. **See Castille**, 489 U.S. at 351. However, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. **Jackson v. Shanks**, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." **Murray v. Carrier**, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. **See Bousley v. United States**, 523 U.S. 614, 622 (1998).

Mr. Bang has failed to show cause for the default and actual prejudice as a result of the alleged violations of federal law or demonstrate that the failure to consider his

claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claims One, Two and Four are procedurally barred from federal habeas review.

Based on the above findings, the Court will dismiss Claims One, Two and Four as procedurally barred. Claim Three will be drawn to a district judge and to a magistrate judge for further consideration of the merits. Accordingly, it is

ORDERED that Claims One, Two and Four are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim Three shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 5 day of February, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02478-BNB

Kyle Douglas Bang
Prisoner No. 133620
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Melissa D. Allen
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/8/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk