**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02478-CMA

KYLE DOUGLAS BANG,

 Applicant,

v.

GEORGE DUNBAR, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

 Respondents.

---

**ORDER ON AMENDED APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2254**

---

 Before the Court is Applicant Kyle Douglas Bang's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Amended Application") (Doc. # 6). Respondents answered the Amended Application (Doc. # 16), and Applicant filed a Reply (Doc. # 17). The matter is fully briefed and is ripe for resolution. The Court has considered the relevant pleadings, the state court record, and the applicable case law, and is sufficiently advised in the premises. For the reasons set forth below, it is hereby

 ORDERED that the Amended Application (Doc. # 6) is DENIED.

### I. BACKGROUND

 Mr. Bang was charged in the Mesa County District Court with numerous felony counts, including second degree burglary, felony theft, first and second degree

aggravated motor vehicle theft, and first degree criminal trespass.[1]  After a jury trial, Mr. Bang was convicted of twenty-two counts.  On October 2, 2006, the trial court sentenced Mr. Bang to forty-three years in prison.

Mr. Bang filed a direct appeal to the Colorado Court of Appeals on April 24, 2007. The appellate court affirmed the judgment and sentence on July 31, 2008.  *See People v. Bang*, No. 06CA1943 (Colo. App. July 31, 2008) (unpublished opinion). The Colorado Supreme Court denied certiorari review on November 24, 2008, and the mandate issued on December 22, 2008.

Mr. Bang then submitted to this Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which was received for filing by the Court on October 22, 2009.  On October 23, 2009, Magistrate Judge Boyd N. Boland found that the claims Mr. Bang raised in the Application must be asserted pursuant to 28 U.S.C. § 2254 because they challenged the validity, and not the execution, of his conviction and sentence.  Magistrate Judge Boland ordered Mr. Bang to file an amended pleading and assert his claims pursuant to 28 U.S.C. § 2254.  Mr. Bang filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 24, 2009.

In the Amended Application, Mr. Bang asserts four claims: (1) the trial court abused its discretion when it denied Mr. Bang's motion to sever the trial; (2) the trial court erred in denying Mr. Bang's motion for a mistrial; (3) prosecutorial misconduct deprived Mr. Bang of a fair trial; and (4) the sentence imposed was disproportionate to the crime (Doc. # 6 at 5-10).

---

[1] This general introductory background is taken from the uncontested statement of facts in Respondents' Pre-Answer Response (Doc. # 12 at 1-3).

On December 2, 2009, Magistrate Judge Boland ordered the Respondents to file a pre-answer response limited to addressing the issues of timeliness and/or exhaustion of state court remedies. After receiving an extension of time, Respondents filed their pre-answer response on December 28, 2009, asserting that Applicant had failed to exhaust three of his claims in the state court, and that these claims were procedurally defaulted (Doc. # 12). Applicant did not file a reply.

On February 8, 2010, Senior Judge Zita L. Weinshienk entered an order dismissing Applicant's first, second and fourth claims as procedurally defaulted (Doc. # 13). Nonetheless, finding that Applicant's third claim had been exhausted in the state courts, Senior Judge Weinshienk ordered Claim Three drawn to a district judge and to a magistrate judge.

## II.  LEGAL STANDARD

### A.  APPLICANT'S STATUS

The Court must construe liberally the Amended Application filed by Mr. Bang because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

### B.  STANDARD OF REVIEW

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas Application pursuant

to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the Applicant's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).  The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999)).  Under the AEDPA, a district court may only consider a habeas Application when the Applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreason-
> able application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determina-
> tion of the facts in light of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing

> legal rule from Supreme Court cases, but unreasonably applies it to
> the facts. *Id.* at 407-08. Additionally, we have recognized that an
> unreasonable application may occur if the state court either unreasonably
> extends, or unreasonably refuses to extend, a legal principle from
> Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id*.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court "owes deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (emphasis in original). Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full *de novo* review of the Applicant's claims." *Id.*

### III.  DISCUSSION

The only claim remaining in this action is Applicant's third claim, in which he asserts that prosecutorial misconduct deprived him of a fair trial (Doc. # 6 at 6). Specifically, Applicant alleges that the prosecutor expressed a personal opinion, which "inflame[d] the jury and implicitly conveyed to the jury that it should convict [Applicant] not just for current charges but also for future bad acts." (Doc. # 6 at 6).

In addressing this claim on Applicant's direct appeal, the Colorado Court of Appeals concluded the following:

> Defendant contends he was denied his due process right to a fair trial because the prosecutor committed misconduct when he told the jury, "Defendant has no regard for other people's property. He would steal it." We are not persuaded.
>
> Defense counsel objected to the prosecutor's improper comment at trial, and the court sustained the objection, ruling that the comment was "inappropriate." Because the trial court sustained the objection, we must determine whether the court abused its discretion when it declined to grant defendant's request for a mistrial after the trial court's ruling. To do so, we evaluate the nature of any prejudice this statement may have generated. [citation omitted].

> Here, the evidence supporting defendant's conviction was over-whelming, the prosecutor's statement was limited, the court sustained defendant's objection, and the jury acquitted defendant of several charges.  Given these circumstances, we conclude there is no reasonable possibility that the prosecutor's comment affected the verdict; defendant was therefore not prejudiced; and the trial court did not abuse its discretion when it declined to grant a mistrial.

(Doc. # 16-3 at 9-10).

Allegations of prosecutorial misconduct are mixed questions of law and fact.  *See Fero v. Kerby*, 39 F.3d 1462, 1473 (10th Cir. 1994).  "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11 (1985).  Instead, pursuant to the rule set forth by the United States Supreme Court in *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974), habeas relief is available for claims of prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair.

The courts must "consider the probable effect the prosecutor's statement would have on the jury's ability to judge the evidence fairly." *Tillman v. Cook*, 215 F.3d 1116, 1129 (10th Cir. 2000) (quoting *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998)).  In making this assessment, the courts should examine whether "the prosecutor's argument . . . manipulate[d] or misstate[d]" the evidence, "whether it impacte[d] other specific rights of the accused such as the right to counsel or the right to remain silent," whether "the objectionable content was invited by or responsive to the opening summation of the defense," and whether "[t]he weight of the evidence against petitioner was heavy." *Darden v. Wainwright*, 477 U.S. 168, 181-82 (1986).  "Any cautionary steps - such as instructions to the jury - offered by the court to counteract

improper remarks," are also relevant. *Bland v. Sirmons*, 459 F.3d 999, 1024 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted).

Moreover, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden*, 477 U.S. at 181 (internal quotation marks omitted). Instead, "[t]he ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." *Bland*, 459 F.3d at 1024.

With this standard in mind and having considered the entire record, the Court finds that Applicant has failed to show that the state appellate court's rejection of this claim was contrary to or an unreasonable application of the governing *Donnelly* standard. The Court has reviewed the prosecutor's closing argument. (Trial Transcript, August 23, 2006, p. 6-33). The comment to which Applicant objects occurred during the beginning of the prosecutor's closing argument, as set forth below:

> Mr. Schwartz:  Thank you.  Good morning.  We've started on Monday, and we're ending on a Tuesday morning.  We have put on 44 witnesses.  Those 44 witnesses have all come in and testified and put on evidence, and that evidence has one common denominator, and that's Kyle Bang.  We've put on a lot of evidence that established the guilt of Kyle Bang.  Kyle Bang, for about a 30-day period in July and August of 2005, committed the crime spree.  Kyle Bang is a thief.  Kyle Bang has no regard for other people's property.  He would steal it.
>
> Ms. Kent:  Your honor, I'm going to object.  I think this is inappropriate argument, commenting on the character of Mr. Bang.
>
> The Court:  It is inappropriate.  Objection sustained.

(Trial Transcript, August 23, 2006, p. 6). After defense counsel's objection, the prosecutor continued closing argument for twenty-six pages of transcript, exhaustively detailing the charges and the evidence against Applicant. The prosecutor did not include any additional comments regarding Applicant's character, and at no time did

9

he indicate or attempt to persuade the jury that it should convict Applicant based on his character, or for anything other than the charges for which he was being tried. (Trial Transcript, August 23, 2006, p. 6-33). The Court finds that the comment to which Applicant objects made up a very small and isolated portion of the prosecution's lengthy closing argument. *See Anaya v. Romero*, 627 F.2d 226, 228 (10th Cir. 1980) (isolated comment vouching for credibility of state's witness did not make trial so constitutionally infirm as to justify federal habeas corpus relief).

In addition, Applicant's counsel objected to the comment, and the trial court sustained the objection. The trial court previously instructed the jury that opening and closing statements are not evidence, and that the jury was not permitted to consider any evidence to which an objection was sustained. (Trial Court Transcript, August 15, 2006, p. 105-107). A reviewing court "presume[s] that the jurors conscientiously observed the instructions and admonitions of the court. Speculation that this was not done cannot be employed in assailing the jury's verdict, in the absence of a showing of facts proving otherwise." *United States v. Morris*, 623 F.2d 145, 148 (10th Cir. 1980) (citing *United States v. Cooper*, 464 F.2d 648 (10th Cir. 1972)); *see also Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (finding that jurors are presumed to follow the instructions given); *Boyde v. California*, 494 U.S. 370, 384 (1990) (explaining that "arguments of counsel generally carry less weight with a jury than do instructions from the court"). Applicant has failed to present any facts demonstrating that the jury disregarded the instructions of the trial court.

Therefore, when "[v]iewed in context, the prosecutor's statements were not such as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." *Young*, 470 U.S. at 16.

## IV.  CONCLUSION

Considering the entire record and the deference the AEDPA affords to state court decisions, the Court finds and concludes that the decision of the Colorado Court of Appeals was not contrary to or an unreasonable application of *Donnelly*.  Accordingly, Applicant is not entitled to habeas relief on this claim.

It is ORDERED that:

1. Applicant Kyle Bang's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. # 6) is DENIED;

2. No certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right; and

3. This case is DISMISSED WITH PREJUDICE.

DATED:  February   23  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge